IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEFFERY D. HATCH, | CV 23–07–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MONTANA SUPREME COURT; MONTANA ELEVENTH JUDICIAL DISTRICT COURT, | |
| Defendants. | |

Before the Court is Plaintiff Jeffery D. Hatch's Emergency Motion for Immediate Injunctive Relief.  (Doc. 4.)  The motion requests that this Court issue "an immediate stay" against the Eleventh Judicial District Court prohibiting the scheduled forced sale of Plaintiff's home, scheduled for tomorrow, pending resolution of this federal litigation.  (*Id.* at 1–4.)

A review of the motion, the complaint, and the documents filed in support of the complaint in this case shows that Plaintiff seeks to challenge decisions of the state courts named as defendants based on alleged errors of state law and alleged due process violations, and the relief he seeks is "[r]emand back to the court of original jurisdiction."  (Doc. 1 at 2.)  Accordingly, this Court lacks jurisdiction over Plaintiff's claim under the *Rooker-Feldman* doctrine, and this case must be dismissed.

1

"The *Rooker-Feldman* doctrine . . . stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). The doctrine "bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005)). In other words, this Court lacks jurisdiction where a plaintiff asserts both that his injury was caused by a legal error or errors by a state court and that the appropriate remedy is relief from the state court judgment. *Id.* at 1051. These are precisely the error alleged and the remedy sought here. Thus, Plaintiff's complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and the motion for emergency injunctive relief must be denied as moot. The Court further finds that granting leave to amend would be futile, as no amendment to the complaint could provide this Court jurisdiction to grant the relief Plaintiff seeks.

Accordingly, IT IS ORDERED that the complaint (Doc. 1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 4) is DENIED as moot.

The Clerk of Court is directed to close the case.

DATED this 6th day of March, 2023.

_____
Dana L. Christensen, District Judge
United States District Court